# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DARTANIAN HAWKINS,**

      **Petitioner,**

      v.

**ROSS CORRECTIONAL INSTITUTION,**

      **Respondent.**

CASE NO. 2:17-CV-466
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As an initial matter, Petitioner filed a motion to proceed *in forma pauperis* but paid the filing fee. (*See* Docket, Doc. 2). Consequently, that motion is **DENIED as moot**.

This matter is also before the Court on its own motion to consider the sufficiency of the petition pursuant to rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **ORDERS** Respondent to show cause as to claim one, and **RECOMMENDS** that claim two be **DISMISSED.**

    **I.**    **CLAIM ONE (Ineffective Assistance of Counsel)**

The Respondent is **DIRECTED** to file an answer in response to claim one of the Petition that conforms with the requirements of Rule 5 of the Rules Governing Section 2254 Cases within **SIXTY (60)** days of the date of the filing of this Order. Specifically, said answer shall respond to the allegations in claim one, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, claim one is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which display each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filing.

Petitioner may, not later than **TWENTY-ONE (21 DAYS)** after the answer is filed, file and serve a Traverse to the answer.

The Clerk is **DIRECTED** to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

II. **CLAIM TWO (Manifest Weight of the Evidence)**

**Facts and Procedural History**

Petitioner challenges his December 2014 convictions after a jury trial in the Franklin county Court of Common Pleas on aggravated murder, aggravated robbery, and kidnapping. He is currently serving a sentence of life in prison without the possibility of parole. On March 31, 2016, the Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Hawkins,* No. 15AP-35, 2016 WL 1286942 (Ohio Ct. App. 2016). On July 27, 2017, the Ohio

Supreme Court declined to accept jurisdiction of the appeal. *State v. Hawkins*, 146 Ohio St.3d 1473 (Ohio 2016). On May 30, 2017, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his convictions are against the manifest weight of the evidence (claim two).

**Discussion**

Petitioner asserts that his convictions are against the manifest weight of the evidence. This claim fails to provide a basis for federal habeas corpus relief. *See Williams v. Jenkins*, No. 1:15cv00567, 2016 WL 2583803, at *7 (N.D. Ohio Feb. 22, 2016) (citing *Nash v. Eberlin*, 258 F. App'x 761, 765, n.4 (6th Cir. 2007)); *Norton v. Sloan*, No. 1:16-cv-854, 2016 WL 525561, at *5 (N.D. Ohio Feb. 9, 2017) (citing *Ross v. Pineda*, No. 3:10-cv-391, 2011 WL 1337102, at *3 (S.D. Ohio)) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law."); *see also Taylor v. Warden, Lebanon Correctional Inst.*, 2017 WL 1163858, at *10–11 (S.D. Ohio March 29, 2017) (same) (citations omitted).

Under Ohio law, a claim that a verdict was against the manifest weight of the evidence—as opposed to one based upon insufficient evidence—requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court.

Claim two is without merit.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that claim two be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*****

For the foregoing reasons, Petitioner's Motion to Proceed *in forma pauperis* (Doc. 2) is **DENIED as moot**; Respondent is **ORDERED** to show cause as to claim one; and it is **RECOMMENDED** that claim two be **DISMISSED**.

**IT IS SO ORDERED.**

Date:  June 2, 2017                                         /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE